UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ulios Brooks,
    Plaintiff

vs                                         Case No. 1:09-cv-922-SAS-TSH
                                                (Spiegel, Sr. J.; Hogan, M. J.)

Homer Yates, et. al.,
    Defendants

## REPORT AND RECOMMENDATION
## and
## ORDER

    This matter is before the Court on pro se plaintiff Yates's motion for default judgment, (Doc. 18), Defendants' motion for leave to file attached answer instanter (Doc. 23), plaintiff's memorandum in opposition (Doc. 28), and defendants' memorandum in opposition to plaintiff's motion for default judgment. (Doc 26).

    Also pending before the Court are plaintiff's motion to compel and motions for the Court to Order defendants to show cause, (Docs. 15, 16, 17), which the Court likewise construes as motions for an entry of default and or for default judgment.

    Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this prisoner civil rights action against SOCF Corrections Officer Homer Yates, SOCF Warden Phillip Kearns, and SOCF Institutional Inspector Linnea Mahlman alleging excessive use of force, negligence, and retaliation.

    In the present case, plaintiff was granted leave to proceed *in forma pauperis*

on December 23, 2009. Plaintiff's complaint was filed on December 24, 2009. (Doc. 4). Pursuant to the Court's Order, the United States Marshal executed service of the Summons and complaint upon defendants Kearns and Mahlman on March 3, 2010 and upon defendant Yates on March 4, 2010. (Docs. 3, 12). Defendants Kearns and Mahlman's answer was due on or before March 24, 2010 and defendants Yates's answer was due on or before March 25, 2010. Defendants' answers were not timely filed.

Plaintiff filed an application to the Clerk for entry of default on March 30, 2010 and a motion for default judgment on April 9, 2010. (Docs. 14, 18). On April 23, 2010, counsel for defendants filed a motion for leave to file the answer instanter. (Doc. 23). On April 30, 2010, defendants filed a memorandum in opposition to plaintiff's default judgment motion. (Doc. 26).

Rule 55, Fed. R. Civ. P., provides for the entry of default against a party who fails to plead or otherwise defend as provided for under the Civil Rules. However, a trial on the merits, and not disposition by default judgment, is favored in federal court. *See Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). "Any doubt as to the propriety of granting a default judgment should be resolved in favor of the non-moving party." *Cincinnati Bell Telephone v. Allnet Communication*, 810 F. Supp. 217, 220 (S.D. Ohio 1992)(Spiegel, J.). In determining whether to grant a motion for default judgment, the Court should consider the culpability of the defaulting defendants, the prejudice to the plaintiff, and whether the defendants have a meritorious defense. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *Shepard Claim Service*, 796 F.2d at 192.

Although defendants were required to respond to plaintiff's complaint, their failure to do so in this case does not amount to a willful failure to appear and plead. *See Shepard Claims Service*, 796 F.2d at 194. Defendants' actions in this case do not amount to culpable conduct warranting default judgment. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* There is no indication that defendants' actions in this case exhibit a disregard for judicial proceedings. Furthermore, there is no indication that plaintiff will be prejudiced by the denial of his motion for default judgment. *See INVST Financial Group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987).

2

Lastly, it appears that defendants also meet the "meritorious defense" requirement. "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *INVST Financial Group,* 815 F.2d at 399, quoting *United Coin*, 705 F.2d at 845. A defense is adequate if it has "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Id.* at 399, quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). In their motion for leave to file answer instanter, defendants raise several defenses to the claims raised by plaintiff which, if proven, may constitute a defense to this action.

Accordingly, IT IS HEREBY RECOMMENDED THAT plaintiff's motions (Docs. 15, 16, 17, 18) for default judgment be DENIED.

IT IS HEREBY ORDERED THAT defendants' motion for leave to file answer instanter (Doc. 23) is GRANTED. The Clerk shall file the answer attached to the motion.

Timothy S. Hogan
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ulios Brooks,
    Plaintiff

vs                               Case No. 1:09-cv-922-SAS-TSH
                                  Spiegel, Sr. J.; Hogan, M. J.)

Homer Yates, et. al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ulious Brooks # 453-172<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8480 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:09cv922 (Doc 35)