UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ULIOUS BROOKS,   Case No. 1:09-cv-922

    Plaintiff,   Spiegel, J.
        Bowman, M.J.

v.

HOMER YATES, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, initially filed a complaint against three individual defendants (the Warden, the Institutional Inspector, and a corrections officer) on December 24, 2009. (Doc. 4). Plaintiff subsequently added two additional individual defendants, Gary Croft and C. Schroeder. Pursuant to local practice, this case has been referred to the undersigned magistrate judge for disposition of a pending motion to dismiss filed by Defendant Croft (Doc. 57), and for additional review of Plaintiff's claims against Defendant Schroeder.

    **I. Background**

Plaintiff's claims stem from events on August 14-15, 2009, in which he alleges excessive force was used against him by Defendant Yates. Because Plaintiff proceeds *in forma pauperis*, the Court directed the U.S. Marshal to serve a copy of the complaint and summons upon the originally named defendants "as directed by plaintiff." (*Id.*). Using addresses and completed summons forms provided by Plaintiff, the U.S. Marshal successfully served the original defendants, all of whom filed an answer on July 13, 2010.

On August 25, 2010, Plaintiff was granted leave to file an amended complaint, in which he added claims against two new defendants, C. Schroeder, and Gary Croft, involving those Defendants' alleged failure to properly investigate and/or process his institutional grievances.  (Doc. 49, 50).  Although the record reflects the return of an executed summons as to Defendant Croft, the summons issued to Defendant Schroeder was returned unexecuted.  (Doc. 64).

Thereafter, the Court directed Plaintiff to "show cause" why claims against Defendant Schroeder should not be dismissed without prejudice, based upon Plaintiff's failure to perfect service against that Defendant.  (Doc. 66).  Plaintiff responded that he "agrees that the claim against C-O Schroeder should be dismissed...."  (Doc. 68).  According to Plaintiff, Defendant Schroeder no longer works at the Southern Ohio Correctional Facility (SOCF), because he was "fired" based upon the incident at issue in this lawsuit.  (*Id.*).

In addition to procedural issues concerning the perfection of service on Defendant Schroeder, on November 25, 2010 Defendant Gary Croft filed a motion to dismiss for lack of jurisdiction and for failure to state a claim against him (Doc. 58).  Plaintiff filed a response in opposition to Defendant's motion (Doc. 60), as well as a supplemental response (Doc. 62), to which Defendant has filed no reply.

The parties were directed to complete all discovery in this case on or before March 31, 2011, with any dispositive motions to be filed on or before April 29, 2011.  Unsurprisingly given that discovery is ongoing, only Defendant Croft has filed a dispositive motion to date.

**II. Analysis**

**A. Claims Against Defendant Schroeder**

On December 15, 2010, the Ohio Attorney General as an Interested Party filed a status report which reflects that although Plaintiff directed service of the amended complaint on Defendant Schroeder at the Southern Ohio Correctional Facility ("SOCF")(Doc. 51), Defendant Schroeder no longer works at that facility and did not work there at the time service documents were received. (Doc. 63). The record contains no indication that Defendant Schroeder has ever received service of process or that he has executed a waiver of service.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case, December 23, 2010 marked the 120th day by which service of the amended complaint must be completed.

"Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over this Defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited

3

therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Given the lack of record of proper service as to Defendant Schroeder, the Court notified Plaintiff by Memorandum Order filed December 23, 2010 that the Court proposed to dismiss his claims against Defendant Schroeder without prejudice, absent a showing of good cause demonstrating why the claims should not be dismissed. (Doc. 66). In response to that Order, Plaintiff filed a statement expressing agreement with the proposed dismissal. (Doc. 68). Therefore, all claims against Defendant C. Schroeder should be dismissed without prejudice.

**B. Defendant Gary Croft**

In Plaintiff's amended complaint he alleges that Defendant Gary Croft failed to properly implement the prison grievance procedure with regard to Plaintiff's grievance. He accuses Croft, who is the Chief Inspector of the Ohio Department of Rehabilitation and Correction (ODRC), of negligence in processing Plaintiff's grievance.

Defendant persuasively argues that Plaintiff has failed to state a claim against Defendant Croft, because an inmate has no constitutional right to an effective grievance procedure or to investigation of his allegations. *See Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003)(unpublished, *citing Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Because the only allegations against Defendant Croft pertain to his handling of Plaintiff's grievance appeals,

Plaintiff fails to state a claim under 42 U.S.C. §1983 against that Defendant as a matter of law. *Accord Richardson v. Hamilton County*, Civil Case No. 1:09-cv-50-SAS, 2009 WL 922361 at *4 (S.D. Ohio April 1, 2009)(collecting cases)

Plaintiff has filed two responses to Defendant's motion (Docs. 60, 62) in which Plaintiff argues, in essence, that the PLRA established a constitutional right to an effective prison grievance procedure, because the statute requires prisoners to exhaust available procedures prior to filing federal suit. However, the PLRA did not establish any new rights not previously recognized under the United States Constitution.

To the extent that Plaintiff's complaint rests on state law claims, whether negligence or some other form of claim based upon Defendant's alleged failure to follow prison policies and procedures, this Court lacks jurisdiction over those claims based upon Defendant Croft's assertion of state law immunity under Ohio R.C. §9.86 and §2743.02(F). Under Ohio law, state employees may not be sued for claims arising under Ohio law absent a determination by the Ohio Court of Claims that they are not entitled to immunity. *Grooms v. Marshall*, 142 F. Supp.2d 927, 932 (S.D. Ohio 2001); *Powell v. Morris*, 184 F.R.D 591, 597 (S.D. Ohio 1998). Although Plaintiff argues that 42 U.S.C. §1983 permits him to sue Defendant without first filing in the Ohio Court of Claims, that federal statute does not govern the determination of immunity under state law for state law claims. And, as previously explained, Plaintiff has failed to state any constitutional claim against Defendant Croft under §1983.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED**:

1. That all claims against Defendant Schroeder be **DISMISSED WITHOUT PREJUDICE**, due to Plaintiff's failure to effect timely service of process of the summons and complaint.

2. That the motion of Defendant Gary Croft to dismiss all claims against him (Doc. 57) be **GRANTED**. All claims under 42 U.S.C. §1983 against Defendant Croft should be **DISMISSED WITH PREJUDICE** for failure to state a claim, and any pendant state claims should be dismissed for lack of jurisdiction.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ULIOUS BROOKS, | Case No. 1:09-cv-922 |
| Plaintiff, | Spiegel, J. |

Bowman, M.J.

v.

HOMER YATES, et al.,

Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).