UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ULIOUS BROOKS,

    Plaintiff,

v.

HOMER YATES, et al.,

    Defendants.

Case No. 1:09-cv-922

Spiegel, Sr. J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Ulious Brooks filed a *pro se* civil rights complaint on December 24, 2009, while incarcerated at the Southern Ohio Correctional Facility in Lucasville, OH. Pursuant to 42 U.S.C. §1983, Plaintiff alleges that Defendant Correction Officer Homer Yates, Defendant Warden Phillip Kerns, and Defendant Institutional Inspector Linnia Mahlman collectively violated his civil rights.[1] All of Plaintiff's claims stem from allegations that Defendant Yates used excessive force against Plaintiff on August 14 and August 15, 2009; his claims also include allegations of negligence and retaliation. Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial review of both dispositive and non-dispositive motions. *See* 28 U.S.C. § 636(b).

**I. Pending Dispositive Motions**

To say that Plaintiff has actively litigated his case through motion practice would be an understatement. Plaintiff has filed thirty-five motions to date, in addition to a variety of other documents. While pending non-dispositive motions are addressed by

---

[1] Plaintiff filed an amended complaint adding two additional defendants on August 25, 2010 (Doc. 50), but both of those defendants were subsequently dismissed (*See* Docs. 69, 84).

separate order filed herewith, this Report and Recommendation addresses Plaintiff's motion for summary judgment (Doc. 71) as well as Plaintiff's second motion for default judgment (Doc. 83). Defendants filed a memorandum in opposition to the latter motion on June 3, 2011 (Doc. 86). For the reasons stated herein, both of Plaintiff's dispositive motions should be denied.

### A. Summary Judgment Motion

Discovery in this case was previously scheduled to conclude on March 31, 2011, with a dispositive motion deadline of April 29, 2011 (Doc. 55). However, Defendants sought and were granted extensions of those deadlines; discovery is presently set to conclude on August 11, 2011, with the dispositive motion deadline to expire on September 11, 2011. (*See* Doc. 79).

Only the Plaintiff has moved for summary judgment to date. Although the Defendants have not yet filed a response, the Court granted Defendants' request to extend the time to respond to Plaintiff's motion until September 11, 2011. (Doc. 79). Having conducted a preliminary review of Plaintiff's pending motion, however, the Court concludes that it should now be denied as a matter of law without awaiting Defendants' response.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support this assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c).

Plaintiff's complaint, liberally construed, alleges that Defendant Yates violated Plaintiff's Eighth Amendment rights by twisting Plaintiff's arm on August 14, 2009, and by hitting him in the head with a can of Ensure on August 15, 2009, causing a "small bruised lump." Plaintiff further alleges that the Warden and Institutional Inspector failed to protect him from Yates' assaults despite Plaintiff's numerous complaints to them about Yates prior to the assaults. Finally, Plaintiff alleges that the Institutional Inspector retaliated against him for his numerous complaints by ordering a cell search and placing Plaintiff on a grievance restriction.

Plaintiff argues that the Court should award judgment in his favor based upon the exhibits to his motion, as well as video taped evidence and medical records that he encourages this Court to obtain directly from Defendants. Plaintiff's motion does not comply with Rule 56 because it fails to demonstrate that there is no genuine issue of material fact concerning the issues in this case. Rather, the exhibits attached to Plaintiff's motion - copies of various internal grievance forms - mandate the opposite conclusion. The forms support Plaintiff's claims only insofar as they reflect that Plaintiff's access to grievance forms was restricted to two per week, based upon "abuse or misuse" of the prison grievance procedure. According to the exhibits, however, Plaintiff's access was restricted not because of "retaliation" for his complaints about Defendant Yates, but because Plaintiff "continuously" filed complaints on nongrievable issues without complying with the administrative appeal process or other procedures. (Doc. 71 at 5). None of the exhibits prove that Defendant Yates used excessive force on August 14-15, 2009, or that any of the three Defendants are liable under 42 U.S.C. §1983 for violations of Plaintiff's civil rights.

Plaintiff's reference to "evidence" that he implores this Court to obtain in order to prove his case is similarly unavailing, and improper under Rule 56. It is not the duty of this Court to obtain and comb through discovery on Plaintiff's behalf in order to support allegations made in a summary judgment motion. To the extent that Plaintiff believes that discovery ultimately will prove his case, he remains free to seek that discovery directly from the Defendants without intervention from this Court, at least through August 11, 2011.[2] Because Plaintiff's current motion for summary judgment is facially deficient and discovery has not yet been completed, his motion for summary judgment should be denied.

### B. Motion for Default Judgment

Plaintiff's current motion for default judgment is his second; the first motion for default having been filed based upon Defendants' initial failure to file a timely answer. (*See* Docs. 14, 18). Plaintiff's prior motion for default judgment was denied in part because the Court granted Defendants leave to file their answer out of time. (*See* Docs. 35, 45).

Plaintiff's current motion for default judgment, based upon Defendants' alleged failure to respond to his motion for summary judgment, also should be denied. As previously stated, this Court granted Defendants an extension of time in which to respond to Plaintiff's motion for summary judgment until September 11, 2011. The Defendants' failure to respond prior to that date is not grounds for any sanction, much

---

[2] By separate Memorandum Order filed herewith, the Court has granted Plaintiff the **one-time** assistance of serving written discovery requests on his behalf.

**4**

less imposition of a default judgment. Indeed, as discussed above, the Court has determined that Plaintiff's motion should be denied without awaiting Defendants' formal response, because the motion is facially deficient under Rule 56.

Plaintiff's motion for the entry of a default judgment under Rule 55 also should be denied because a default judgment is generally reserved to cases in which a defendant fails to answer a complaint. Aside from the referenced extension of Defendants' time to respond, entry of default is not warranted because the Defendants filed an answer in this case.

**II. Conclusion and Recommendation**

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiff's motion for summary judgment (Doc. 71) be **DENIED** without prejudice to renew if properly supported, and that Plaintiff's motion for default judgment (Doc. 83) likewise be **DENIED**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ULIOUS BROOKS,

    Plaintiff,

    v.

HOMER YATES, et al.,

    Defendants.

Case No. 1:09-cv-922

Spiegel, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).