# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ULIOUS BROOKS,

    Plaintiff,

v.

HOMER YATES, et al.,

    Defendants.

Case No. 1:09-cv-922

Spiegel, J.
Bowman, M.J.

## MEMORANDUM ORDER

Plaintiff Ulious Brooks filed a *pro se* civil rights complaint on December 24, 2009, while incarcerated at the Southern Ohio Correctional Facility in Lucasville, OH. Pursuant to 42 U.S.C. §1983, Plaintiff alleges that Defendant Correction Officer Homer Yates, Defendant Warden Phillip Kerns, and Defendant Institutional Inspector Linnia[1] Mahlman collectively violated his civil rights.[2] All of Plaintiff's claims stem from allegations that Defendant Yates used excessive force against Plaintiff on August 14 and August 15, 2009; his claims also include allegations of negligence and retaliation. Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial review of both dispositive and non-dispositive motions. *See* 28 U.S.C. § 636(b).

---

[1] This Defendant's first name is spelled as "Linnia" in Plaintiff's complaint and the records of this Court, although the spelling is "Linnea" in Defendant's own memoranda.

[2] Plaintiff filed an amended complaint adding two additional defendants on August 25, 2010 (Doc. 50), but both of those defendants were subsequently dismissed (*See* Docs. 69, 84).

There is no doubt that Plaintiff has pursued his claims in this case and in other cases filed in this Court with great vigor.[3] To date, this Court has undertaken to rule upon at least 35 motions filed by Plaintiff alone. Despite previously cautioning Plaintiff that the pace of his motion practice served to accomplishing little but delay in addressing the merits of his case, the Court is now called upon to review six more non-dispositive motions filed by Plaintiff: two motions seeking to compel Defendants to produce additional discovery, two motions to review and/or to strike Defendant's discovery, a motion seeking an extension of time, and a motion for trial by the Court. With a small exception pertaining to a portion of one of the motions to compel, all six motions will be denied.

**I. Four Discovery Motions**

In a motion to compel filed on August 18, 2011, (Doc. 97), Plaintiff seeks to compel Defendants to produce three items: (1) a videotape for an 8 hour period of time (from 6 a.m. until 2 p.m.) dating from 9/8/09; (2) Plaintiff's "complete grievance and informal complaint record" from August through December 2009; and (3) the "complete use of force record" of every complaint or grievance previously filed against Defendants Yates or Mahlman arising out of their employment by the Ohio Department of Rehabilitation and Correction.

Defendants previously served responses to Plaintiff's discovery requests on July 29, 2011, and were still searching for video-recordings at the time their response to Plaintiff's first motion to compel was filed. However, Defendants' response states that

---

[3] The Court takes judicial notice of the fact that this case is the third that Plaintiff has filed in this Court. However, a prior civil case, 1:10-cv-77-SJD-TSB, was dismissed *sua sponte* pursuant to 28 U.S.C. §1915(e)(2)(B) without ever reaching the discovery phase of litigation. The second case, Case No. 1:09-cv-953-SJD-SKB, involves a still-pending petition for writ of habeas corpus that relates to the previously dismissed civil case.

they stand by their objections to some of the discovery requests as "appropriate" based upon relevancy and overbreadth. (Doc. 99 at 1).

In a reply memorandum in support of his motion, Plaintiff asserts that the requested disciplinary records of the two Defendants are relevant and necessary "to prove that the defendants has [sic] a very long history of violent acts." (Doc. 104). The Court sustains Defendants' objection to production of their disciplinary records.

On September 23, 2011, Plaintiff filed another motion to compel, (Doc. 108), this time seeking the "full" videotaped footage "from the hours of 2:00 pm through 3:30 pm" on the date of 8/15/09. Plaintiff notes that the footage ultimately produced by Defendants was incomplete because it showed footage only from 2:00 pm through 2:39 p.m., rather than the time frame of the whole incident that forms the basis for this lawsuit. Plaintiff also seeks a second videorecording "from unit k-3 range angle 20- through from the hours of 5:00 through 8:30 pm," (Doc. 108 at 1), as well as footage dating from 8/14/09 from "unit K-3." In both motions to compel, Plaintiff also complains that Defendants provided too much discovery in some respects, including copies of grievances beyond the time frame that he requested, and producing irrelevant video footage from a different part of the institution (cell unit J-4) than the camera from which footage was sought (K-3). Plaintiff seeks monetary fines for the filing of both motions to compel.

In a third related motion, (Doc. 111), Plaintiff seeks to strike Defendant's prior discovery responses. Plaintiff again complains that the video obtained from 8/15/09 is incomplete and ends at the beginning of the incident, and further alleges that the video from 8/14/09 was never produced at all. In response to these charges, Defendants

represent that both Defendant Mahlman and the institution's "legal liaison" have reported that Plaintiff has been provided with copies of the only videotapes remaining in existence. (*See* Doc. 117 at 1).

Plaintiff also reiterates his complaint that Defendants overproduced documents beyond the time frame requested. In response, Defendants argue that "inmate Brooks is free to merely ignore this [excess] information." Because Plaintiff has not demonstrated that sifting through copies of his own grievances to narrow the production to the time frame requested is overly burdensome,[4] the Court declines to order the Defendants to produce anew that what has been previously produced.

In his last discovery-related motion, "to review evidence documents and strike defendants [sic] Discovery Services," (Doc. 112), Plaintiff specifically challenges the Defendants' explanation that relevant-but-missing videotaped footage was automatically "recorded over" per institutional procedures, within 5 days of the incident. Plaintiff argues that Defendants' explanation is not worthy of belief, at least as to the 8/14/09 footage, because: (1) Plaintiff immediately requested preservation of that tape; (2) Defendants complied with that request by preserving a portion of the requested footage, but not the entirety of the minutes showing the full incident; (3) Defendants must have preserved the entirety of the tape initially, because on September 8, 2009, Defendant Mahlman stated in a written response to Plaintiff's grievance that she had reviewed the tape and observed actions that no longer appear on the footage produced in discovery. As relief for what Plaintiff contends is Defendants' attempt to destroy or hide relevant

---

[4] Defendants have previously documented the fact that Plaintiff has filed 120 informal complaints since 2007, with 28 of those pursued as formal grievances. Plaintiff has also sent 90 messages to the Institutional Inspector's office expressing various complaints since 2009, and since 2008, Defendants represent that 54 "rules infractions" have been filed against Plaintiff concerning a variety of matters.

evidence, Plaintiff seeks an order for this Court to review and store a complete copy of the videotaped footage.

Defendants reiterate in their response to Plaintiff's last motion that Plaintiff has been provided all videotaped recordings that currently exist. (Doc. 112). Defendants do not deny the prior existence of "additional recording[s]," but state that "only a very limited number of recordings are archived." (Doc. 112 at 1). Notably, Defendants fail to offer any explanation concerning when the tapes were recorded over, or how that occurred given evidence that suggests that they were initially preserved (at least in part) in response to Plaintiff's requests and this litigation.

Obviously, Defendants cannot be made to produce that which no longer exists and to that extent, all four of Plaintiff's discovery-related motions will be denied. On the other hand, Plaintiff's request that the Defendants produce to this Court copies of any remaining relevant videotaped footage that exists is a reasonable one under the circumstances. This Court will not review the tape or tapes at this time, but a copy should be filed with the Court. Defendants also will be directed to file a written explanation concerning when and how the relevant tape(s) were destroyed. The Court will hold Plaintiff's request for sanctions in abeyance pending further review of that explanation.[5]

## II. Motion for Trial By Court

In addition to his discovery-related motions, Plaintiff filed a motion requesting a trial before a judge, apparently seeking to abrogate Defendants' right to a jury trial

---

[5] In addition to or in lieu of the sanctions available to the Court under Rule 37, Fed. R. Civ. P., a trial court may instruct a jury to draw an adverse inference based upon spoliation, in appropriate cases.

based upon his perception that "judges will have more understanding about the malicious tactics" that Defendants allegedly have employed against Plaintiff. (Doc. 103 at 1). However, as Defendants point out in their response (Doc. 106), the Defendants are entitled to a trial before a jury under the Seventh Amendment absent waiver under Rule 38(b), Fed. R. Civ. P. Because Defendants have not waived their right to trial by jury, Plaintiff's motion will be denied.

### III. Motion for Extension of Time to Respond to Summary Judgment

Plaintiff's last pending non-dispositive motion seeks an extension of time in which to file a response to Defendants' pending motion for summary judgment, "just in case the staff officials is [sic] ...throwing plaintiff's outgoing legal mail away." However, the Court received Plaintiff's response to Defendants' motion for summary judgment on September 23, 2011, well in advance of the deadline for filing a responsive memorandum. Because his response was timely received and filed by the Court, Plaintiff's motion will be denied as moot.

### IV. Conclusion and Order

For the reasons stated herein, **IT IS ORDERED**:

1. Plaintiff's motions to compel and motions to strike (Docs. 97, 108, 111, 112) are **DENIED**, except that Plaintiff's request that Defendants be made to file a copy of all relevant videotape(s) is **GRANTED**, with a copy of the tape(s) to be filed on or before **January 13, 2012** in response to this Order. In addition to the tape, Defendants shall file a written statement of explanation as described above;

2. Plaintiff's motion for an extension of time to prepare and file an additional response to Defendants' motion for summary judgment (Doc. 110) is **DENIED AS MOOT**;

3. Plaintiff's motion for trial by the Court (Doc. 103) is **DENIED**.

<u>*s/ Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge